# SUPERIOR COURT.

## Pratt agt. Hoag.

The court has no power to order a *lis pendens* to be taken from the files of the court, which is in proper form, and has been filed in an action in conformity with the provisions of the statute.

Although an injunction, which had been granted, and which restrained the defendant from disposing of the real estate sought to be charged by the action, has been dissolved, on the defendant's depositing in court a specific sum of money, as security for the payment of any judgment the plaintiff might recover; the *lis pendens* will not be ordered to be taken from the files of the court, notwithstanding its continuance may defeat a contract for the sale of the real estate, which the defendant may have made after the injunction was dissolved. A plaintiff may give actual notice of his claim to any person who contemplates purchasing, and he may give such a notice as the statute authorizes.

*Special Term, Jan., 1856.*

The complaint makes a case for an accounting between the parties, in respect to the proceeds of the sales of two houses and lots in the city of New-York, in which they were jointly interested—claims a balance due the plaintiff, and prays for an accounting, &c.

It charges that a house and lot, on the Third avenue in New-York city, was bought, and paid for in part, with such proceeds, and conveyed to the defendant, and seeks to have such house and lot disposed of, if necessary, and proceeds applied to pay such balance as may be adjudged to be due to the plaintiff. An injunction was granted, prohibiting the defendant from disposing of this house and lot, until the further order of the court, and a *lis pendens*, in proper form, was filed with the clerk of the county.

The injunction was dissolved on the 13th of December, 1855, by order of the court, on the defendant's giving security approved by the court, in the sum of $1,600, to account for the proceeds of said Third avenue house and lot.

The defendant contracted to sell and convey the house and

lot, and the purchaser refused to complete his contract on account of the pendency of this action, and the *lis pendens*. The defendant now moves for an order, that the *lis pendens* be taken from the files of the clerk of the city and county of·New-York.

DAVID P. WHEDON, *for defendant,*

Insisted that the giving of the security, on which the injunction was dissolved, conferred the right to sell the property without any embarrassment to giving a good title, to result from this action, and the proceedings therein; and that the defendant acquired thereby an' equitable right to have the *lis pendens* taken from the files of the clerk of the county.

ROBERT H. SHANNON, *for plaintiff,*

Contended that the court had no power to grant the motion. That the security was a substitute for the injunction, and that only.

BOSWORTH, Justice. The filing of a *lis pendens* is an ordinary proceeding in an action, in which it is sought to subject specific real estate to the operation of any judgment that may be recovered.

It is indispensable, in order to affect persons who may purchase *pendente lite*, in ignorance of the plaintiff's claim, that it should be filed. All who take the title after a notice, in proper form, has been filed with the proper officer, take it with the same consequences that would have resulted from a purchase with actual notice.

If no injunction had been granted, the filing of a *lis pendens* would have secured the plaintiff such rights to it in the hands of the purchaser, as might have existed against the defendant if he had continued to own it. If the plaintiff succeeds in establishing that he is, in equity, a part owner, and that full relief cannot be secured except by a sale of it, and payment to himself of such part of the proceeds as may be required to

satisfy his just equitable claim, the filing of the *lis pendens* will enable the plaintiff to obtain the same relief, though the property may have been conveyed *pendente lite.*

Although the *lis pendens* is an ordinary proceeding, yet it is, in this state, the subject of statutory provisions. (2 *R. S.* 174, § 48 ; *Code,* § 132.)

The court has certainly no power to prevent the plaintiff from giving actual notice, if he can, to every person who may propose to purchase. I cannot imagine any principle on which it can prevent him from giving notice in the way the statute has provided. It cannot rightfully interfere, to take from the files of the clerk of the county a paper, in proper form, and regularly filed under the authority of a statute, which is a notice, in law, to all who may purchase.

The right also existed to obtain an injunction, on presenting a case which entitled the plaintiff to it. A case was made on which the court deemed it just to grant that relief. The court, subsequently, permitted the defendant to substitute security for the injunction, and, on the security being given, dissolved the injunction. When the court made the order dissolving the injunction, neither the court nor the defendant knew of the *lis pendens,* although it had been filed months previously thereto. That order, therefore, in contemplation of the court, as in contemplation of law, was security substituted for the injunction, and that only.

I think the motion should be denied, on the ground that the court is incompetent to grant the relief sought by it.

The motion is denied, with $7 costs.