We are somewhat embarrassed for the want of the reason of the court below in granting the order complained of. It is possible that there are reasons which were influential with the members of that court, which have not been brought out by the counsel here and have not occurred to us.
The right to file a notice of lis pendens which shall be constructive notice to subsequent purchasers or incumbrances of the property affected thereby, is given in all actions affecting the title to real property. (Code, § 132.) This is an absolute right, not depending on the discretion of the court; and a notice once filed in a proper action, the court can only order canceled when the action shall be settled, discontinued or abated; that is, the court cannot interfere with it, or derogate from its efficiency as a notice affecting subsequent purchasers or incumbrances, so long as the action is pending and undetermined. (Code, supra; Pratt v. Hoag, 5 Duer, 631.) If filed in an action not affecting real property, or when not authorized by the statute, it is a nullity; and, whether the *Page 142 
court in that case could remove it from the files as a cloud upon the title, under color of a pending action, which did not in fact concern the title, need not be considered. If removed, in such a case, no substantial right would be affected. (Burkhardt v.Sanford, 7 How. Pr. R., 329.) If suffered to remain uncanceled, its efficacy must depend on the notice of the action, and be determined by the complaint, and if, in fact, not authorized, no serious consequences could, ordinarily, result. Prior to the statutory regulation upon the subject, the mere pendency of an action in equity, a lis pendens, duly prosecuted, affecting the title to real property, was notice to the world; and the nature, character and object of the suit was necessarily ascertained from the pleadings. (Murray v. Ballou, 1 J.C.R., 566.) The notice filed under the statute, in connection with the pleadings, will always inform the public whether the title of purchasers of real property will be affected by the lis pendens referred to in the notice. But if filed in an action in which it is not warranted by statute, it is possible the court of original jurisdiction may, in their discretion, remove it from its files, or the files of the office in which, as an incident of a pending action, the statute authorizes it to be filed. Be this as it may, if the action is one in which a notice may be filed, the court, as conceded by the counsel for the respondent, has no power to remove or cancel it.
This action is not of a character exclusively cognizable, by a court of common-law jurisdiction, as an action for the recovery of damages for fraud, but for relief of an equitable nature, and such as a court of equity could alone give; although founded on an alleged fraud, and the fact that the plaintiff might have had an action at law to recover the difference between the actual value of the lands transferred, in part payment for the lands sold, and their value as represented, does not bar a suit in equity for relief of a different nature. An action at law might be entirely ineffectual by reason of the insolvency of the defendant or his inability to render a pecuniary compensation, while, if the equitable *Page 143 
relief can be had, the remedy is effectual by reason of the lien which is established. The facts stated in the complaint would, doubtless, give an action at law; but if they also entitle the plaintiff to equitable relief, the character of the action must be determined by the frame-work of the complaint and the prayer for judgment. The action is not for the recovery of damages. It is true there is a single paragraph standing by itself, and for what purpose inserted is not apparent, alleging that the plaintiff had been damaged to the amount of $17,000; but in what particular way damage to this precise sum, or any amount, sustained, is not averred. The demand for judgment is that it may be adjudged that she has a lien upon the lands sold for the amounts of unpaid purchase-money "as aforesaid, to wit: for the said sum of $25,000, and interest thereon, from the said first day of November, 1871, besides the costs of the action;" and there is no prayer for relief of any other kind, or for general relief. The complaint avers a sale of the real property by the plaintiff to the defendant for $37,400, and that $25,000 of the bonds of a railway company were taken in part payment of the purchase-money upon the representations and assurances of the defendant as to the character and value, as well as to the manner and consideration of their issue, and of the character and responsibility and value of the property and franchises of the railroad company, the obligor, of which company the defendant was a director; and that these representations were false and fraudulent, and that the bonds were in fact of no value; and the plaintiff offers to return them, and claims to recover the amount thereof in money, and a lien, upon the property sold, for the payment thereof. Whether the action can be sustained is not a question to be passed upon on this appeal. The plaintiff may fail to prove the facts alleged, or the court may hold that the action is untenable upon the facts stated; although the defendant, by taking issue upon the facts, has impliedly conceded that they are sufficient, if proved, to maintain an action. The questions of fact as well as of law must be disposed of upon the *Page 144 
trial and hearing of the cause. They cannot be determined upon an interlocutory motion. That the action, upon the theory upon which it is brought and upon the complaint as framed, does affect the title to real property, asserting, as it does, a legal and equitable right to a lien thereon, cannot be questioned, and, upon the face of the complaint, the notice of lis pendens was properly filed.
The action is not without precedent. Bradley v. Bosley (1 Barb. Ch. R., 125) was not unlike this in its main features, and was sustained by the chancellor. There A. sold B. a farm, and agreed to receive, in part payment thereof, a lot owned by B. in Illinois, with the value of which A. was unacquainted; and B. thereupon made false representations as to the character, situation and value of the Illinois lot, to induce A. to take the same in part payment for the farm sold, which A. accordingly did, allowing B., for the Illinois lot, a sum greatly in excess of its value. It was held that A. had an equitable lien upon the farm sold by him for the difference in value between the Illinois lot, as it really was, and the value as it would have been had B.'s representations been true, with interest on such difference. The measure of relief thus granted was precisely that in amount which would have been had in an action at law for the fraud, with the superadded equitable lien upon the lands for this sum, as so much unpaid purchase-money; that is, the court sustained a suit in equity for the recovery of damages for the fraud, and declared the same a lien. The chancellor reiterated the well-settled principle that the vendor of real estate has an equitable lien upon the estate sold for the unpaid purchase-money, as between him and the vendee, in all cases, unless there is either an express or an implied agreement to waive such lien; and held that when, by the fraud of the vendee, a part of the price of the estate sold in fact remains unpaid, although the vendor supposed he had been paid in full at the time, there is no waiver of the equitable lien for the part of the price that actually remained unpaid. The measure or the terms of the relief to which, upon the facts which may be established, *Page 145 
the plaintiff may be entitled, may depend upon circumstances. It is enough that there is a case for relief of some kind, and that the relief as demanded and to which she makes a prima facie
case, does affect the title to real property.
Hare v. Van Deusen (32 Barb., 92) is not in conflict withBradley v. Bosley; the lien was held waived, in that case, for the reason that the vendor had taken a covenant of the vendee against incumbrances of the land taken in part payment of the property sold, and had not relied upon the representations that it was unincumbered.
Upon the ground that the court had not the power to make the order appealed from, the order must be reversed and the motion denied.
All concur.
Ordered accordingly.