By the Court.—Sanford, J.
In actions affecting the title to real property, notices of Us pendens may be filed, and subsequent purchasers and incumbrancers *276 are bound by all proceedings taken after the filing of such notices, to the same extent as if made parties to the action (Code, § 132). In Pratt v. Hoag (5 Duer 631), it was held by this court at special term, that the right accorded by this section is absolute and unqualified, and that the court cannot rightfully interfere to remove from the files of the clerk of the county, a paper in proper form, regularly filed, under the authority of the statute. Since that decision was rendered, the Code has been amended by adding to section 132, a provision, to the effect that notices authorized by this section may be cancelled by the court, at any time after the action shall be settled, discontinued, or abated. The specification of particular cases in which cancellation may be effected, necessarily operates to exclude all others ; and the doctrine laid down in the case above cited, is confirmed by the amendment, subject to the specified exception. A regular notice of Ms pendens, duly filed in a proper action, can, therefore, only be cancelled when the action shall be settled, discontinued, or abated (Mills v. Bliss, 55 N. Y. 139). The amendment applies only to such notices as are “authorized by the section ;” that is, notices filed “in actions affecting the title to real property.” If, therefore, this action affects the title to real property, the provision in question affords no authority for vacating it, because the action has neither been settled, discontinued, or abated. If the action does not affect real property, the provision is inapplicable, because the notice was not “authorized by this, section.” Whether regular or irregular, the notice cannot be cancelled, by virtue of this provision of the Code. But an unauthorized notice, filed in an action not affecting the title to real property, is a nullity. In Mills v. Bliss (above cited), it'was intimated that such a notice might possibly be removed from the files, as a cloud upon title, by order of the court, in its discre *277 tion, but this question was not before the court in that case, and was not decided.
In this case, the motion to cancel-the notice, or remove it from the file, was denied upon the ground that the action affects the title to real property, that the notice was regular and properly filed, and that the court has, therefore, no power to interfere with it. I am of opinion that this view is correct.
By the provisions of our statute, estates for years are declared to be estates in lauds (1 R. S. 722, § 1). They are designated as “chattels real” (Ibid. § 4). In The Mayor, &c., v. Mabie (13 N. Y. 151), the court of appeals held, that a grant of wharfage for a year was not a conveyance of real estate within the meaning of the statute prohibiting the implication of covenants, in such conveyances (1 R. S. 738, § 140); and the learned judge who prepared the opinion in that case, intimated that the result would have been the same, if the question had arisen upon a lease, for years, of land. But the term “real property” employed in section 133 of the Code, is not necessarily synonymous with “real estate,” as used in the Revised Statutes. Indeed, the latter phrase is differently defined, on different occasions and for different purposes, in the statutes themselves, and it is for this reason, and on this ground, that the restricted signification, which excludes leases of land from the statutory prohibition with respect to implied covenants in conveyances, was given to the term in the case of the Mayor, &c., v. Mabie, above cited. Its signification is enlarged or restricted with reference to the particular connection in which it is employed. Thus, in the recording acts, it is expressly declared to embrace all chattels real, except leases for a term not exceeding three years (1 R. S. 762, § 36). In Agate v. Gignoux (1 Robt. 278), a rent charge reserved by a lessee of real property under a sub-lease made by him for a term exceeding one year, with the *278 right of re-entry for breach of covenant, was held to be an estate or interest in land, within the meaning of the statute of frauds (2 R. S. 134, 135, §§ 6, 8); and it was said that the words, “estate or interest in land,” as used in that statute, embraced every species and title to real property known to the law. Whatever technical meaning may be given to the word “real estate,” in the different provision of the Revised Statutes, above referred to, the term, “real property,” as used in the section of the Code, now under consideration, is sufficiently comprehensive to include all estates in land; and as estates in land are expressly declared to include estates for life, for years, at will and by sufferance, as well as estates of inheritance, I am at a loss to perceive any reason why all such estates should not be deemed to be included in the generic designation of “real property.” It has long been the practice to file notices of Us pendens in suits for the foreclosure of mortgages upon leasehold estates, and I am not aware that the sufficiency of such notices, as a protection against purchasers and incumbrancers, pendente lite, has ever been doubted. The views expressed in the opinion of the court, at special term, on. denying the motion, seem to me conclusive, and I am, therefore, of opinion, that the order appealed from should be affirmed.
Order affirmed, with costs,
Curtis, J., concurred.