EDWARD S. JAFFRAY AND OTHERS, RESPONDENTS, v. MARIA BROWN, APPELLANT, IMPLEADED, ETC.

*Notice of pendency of action — when a nullity — An order not affecting a substantial right, not appealable.*

A notice of the pendency of an action, in which an attachment has been issued, describing the property attached, simply, as " all the real property of the defendant Brown, or in which she may have an interest, situat in Chenango county," is a mere nullity, and an order denying a motion to vacate the same does not affect a substantial right of the defeated party and is not appealable. (BRADY, J., dissenting.)

APPEAL from an order denying a motion to vacate a notice of the pendency of this action, and to stay proceedings on an execution issued to the sheriff of Chenango county.

A warrant of attachment was issued in this action, and a notice of the pendency of the action was filed in Chenango county on September 23, 1874. Judgment having been entered in favor of the plaintiff, an execution was issued to the sheriff of that county, requiring him to sell the interest of the defendant Brown at the time of the filing of the *lis pendens*.

*Samuel J. Crooks*, for the appellant.

*Isaac L. Miller*, for the respondents.

DANIELS, J.:

The notice in this case was filed in the office of the clerk of Chenango county, for the reason that an attachment was issued in the action in favor of the plaintiffs and against this defendant.

It is stated in the affidavits, made on behalf of the defendant, that the attachment was not delivered to the sheriff or levied upon any real estate in the county of Chenango, and that is not denied in the affidavit made on behalf of the plaintiff; but it is stated, in general terms simply, that an attachment had been issued in the case.

How it was issued, or whether it was in fact delivered to the sheriff of that county, was not affirmatively made to appear; and, on that account, it may be inferred, as the opposing affidavits tended to establish the contrary, that no such delivery and seizure of this real estate was ever made by the sheriff under the attachment which had been allowed.

But it does not follow, because the attachment was not delivered to the sheriff or served upon the property, now proposed to be sold by means of the execution, that the notice should have been set aside upon the motion. The notice, in order to be effectual for any purpose in the plaintiffs' favor, was required to contain a description of the defendant's property in that county, which it was proposed to affect by means of the action. (Code of Procedure, § 132.) No such notice as that was filed in this case. The only description which was given in the notice was as follows:

"All the real property of the defendant Brown, or in which she may have an interest, situate in Chenango county, New York." This notice described nothing, and consequently was not a compliance with what was required on this subject by section 132 of the Code.

It was, consequently, a nullity for that reason, as well as for the additional fact, probably existing in the case, that no seizure of any real estate in the county of Chenango was ever made by the sheriff under the attachment issued in the case, but never actually delivered to the sheriff for service ; and, being a nullity, it was not necessary that a motion should be made to set it aside, and its denial could not affect any substantial right of the defeated party. The notice was inoperative and ineffectual in and of itself. Upon that subject, it has been held that, where a notice is filed that is not authorized by the statute, it is a nullity, and being a nullity, it can affect no substantial right of the defendant in the case. It was too general in this case to comply with what had been required, and as the attachment had probably not been delivered for service, no necessity existed for setting the notice aside. On the contrary, under the authority of *Mills* v. *Bliss* (55 N. Y., 139), the defendant was wholly unaffected by it. There was no necessity for this motion, for the defendant could not be injured by a notice of that irregular description standing upon the files of the clerk's office of the county of Chenango. The motion was, therefore, properly denied, and the order in this case should be affirmed, without costs to either party.

INGALLS, J., concurred.

BRADY, P. J.:

I think the motion should have been granted. The *lis pendens* operated as a quasi lien or cloud upon the title ; and, although it may be valueless for either purpose, it was improperly put upon the files, and should have been removed by order. It is enough that it is wrongfully there. I therefore dissent

Order affirmed, without costs.