MARGARET E. NIEBUHR, Appellant, *against* JOHN SCHREYER, Respondent.

(Decided June 7th, 1886).

An answer alleged, as a counterclaim, that plaintiff, with funds in which defendant was jointly interested with another person on whose behalf plaintiff was acting, purchased certain real property particularly described, and that said property was legally and equitably held, and should be applied to the payment of advances and profits claimed by defendant; and asked for judgment that the property be adjudged to be

Niebuhr v. Schreyer.

joint property, and be sold to pay and discharge said claim of defendant. *Held*, that defendant had the right to file a lis pendens against the property described.

APPEAL from an order of this court denying a motion to cancel a lis pendens.

The facts are stated in the opinion.

*T. M. Tyng*, for appellant.

*Alexander Thain*, for respondent.

PER CURIAM.—Section 1673 of the Code of Civil Procedure gives a defendant the right to file a lis pendens when he sets up in his answer a counterclaim on which he demands an affirmative judgment, affecting the title to or the possession, use or enjoyment of real property.

The answer in this action sets up a counterclaim as follows: " 6th. And this defendant further answering, and by way of counterclaim, alleges that at the time said joint enterprise was being carried out between the plaintiff—acting on behalf of said Henry P. Niebuhr and this defendant—the said plaintiff took part of the funds in which this defendant was jointly interested with said Henry P. Niebuhr as aforesaid, and purchased therewith the premises situate on the northerly side of Ninety-third Street, etc. . . . . . that the said property described as aforesaid is legally and equitably held, and should be applied to the payment of the balance of his advances and his profits aforesaid, and he asks judgment that the said property may be decreed liable and held for the amount of his said advances and profits, and that he may be decreed to be the owner thereof to an amount sufficient to satisfy said claim."

The relief asked for in respect to the property described in the above paragraph is as follows: " That it be adjudged that the property mentioned and described in the 6th paragraph of this answer be adjudged to be joint property, in which this defendant and plaintiff as aforesaid are jointly

interested, and that the same be sold to pay and discharge the claim of the defendant, as aforesaid, with interest to the extent of the value thereof; and for that purpose, that a sale of said property be had under the direction of this court."

That this counterclaim does affect the title to real property, asserting, as it does, a joint interest with the plaintiff, in certain premises on the northerly side of Ninety-third Street, and does demand a judgment affecting the title to such property, we think cannot be questioned.

The right to file a lis pendens is an absolute right, not depending on the discretion of the court, and a notice, once filed in a proper action, the court can only order cancelled when the action shall be settled, discontinued or abated, or final judgment rendered against the party filing the notice, and the time to appeal has expired, or the party unreasonably neglects to proceed (*Mills* v. *Bliss*, 55 N. Y. 139). The case at bar is not such a case.

We have no doubt as to the defendant's right to file the lis pendens, and think the order appealed from should be affirmed, with costs.

Order affirmed, with costs.