WARREN BEMAN, Appellant, v. LOUIS L. TODD, Respondent.

Where an action is one in which the right is given the plaintiff, by the
Code of Civil Procedure (§ 1670), to file a notice of pendency, the right
is absolute, not resting in the discretion of the court, and if the notice
is properly filed, it may not be canceled save in the manner prescribed
by the Code (§ 1674).

In an action brought, among other things, to charge certain real estate
with moneys alleged to have been wrongfully invested therein by the
defendant, the complaint was dismissed; on appeal the General Term
reversed the judgment and granted a new trial, but directed the com-
plaint and notice of pendency to be amended by striking out all allega-
tions concerning said real estate. No motion for an amendment had
been made and the record did not disclose the existence of any of the
causes prescribed for the cancellation of the notice, or that counsel on
either side were heard upon the question. *Held*, that the General
Term had no power to direct the notice of pendency to be so amended
as to cancel and destroy it.

When an appeal is taken to this court from a provision inserted in an order
of General Term granting a new trial, which the court had no authority
to make, the stipulation, that in case of affirmance, judgment absolute
shall be rendered against the appellant, required by the Code (Subd. 1,
§ 191) need not be given.

(Argued December 9, 1890; decided January 14, 1891.)

APPEAL from certain provisions of an order of the General
Term of the Supreme Court in the first judicial department,
made the first Monday of October, 1886, which reversed a
judgment in favor of defendant entered upon the report of a
referee, and granted a new trial.

The portion of the order appealed from is set forth in the
opinion.

*Moody B. Smith* for appellant. The General Term reversed
wholly the judgment of the Special Term. This entirely
exhausted the power of the court, except the order for a new
trial, which necessarily followed. (Code Civ. Pro. § 1317;
*Gracie* v. *Freeland*, 1 N. Y. 234.) The General Term cannot
sever the issues of a case and grant a new trial as to one issue
and render final judgment as to the other. (*Story* v. *N. Y. &
H. R. R. Co.*, 6 N. Y. 85.) The General Term had no power to

order the plaintiff to amend his complaint as set forth in the order appealed from. (*Averill* v. *Taylor*, 5 How. Pr. 476 , *Jones* v. *Norwood*, 5 J. & S. 276; *Starkweather* v. *Bromer*, 18 Hun, 346 ; Story's Eq. Pl. 267.) The court had no power to cancel the notice of pendency of action, either directly or indirectly, except as provided in section 1674 of the Code of Civil Procedure. (*Mills* v. *Bliss*, 55 N. Y. 139 ; *Wilmont* v. *Mesole*, 8 J. & S. 274.)

*J. Warren Greene* for respondent. Plaintiff's case rests solely upon evidence as to certain verbal statements which are claimed to be admissions on the part of Todd. Such evidence, without other proof of the relation of debtor and creditor existing between the parties at the time of or previous to the transaction, is insufficient to warrant a court in declaring a deed, absolute on its face, a mortgage. (*Nicholls* v. *McDonald*, 101 Penn. St. 514 ; *Burger* v. *Dankel*, 100 id. 113 ; *Null* v. *Fries*, 3 East. Rep. 384 ; *Longdon* v. *Clouse*, 3 id. 357 ; *Walker* v. *Dunspaugh*, 20 N. Y. 170 ; *Jackson* v. *Shearman*, 6 Johns. 22 ; *Jackson* v. *Mayh*, 7 id. 186 ; *Jackson* v. *Miller*, 6 Cow. 752 ; *Work* v. *Rabe*, 96 N. Y. 423.)

FOLLETT, Ch. J. This action was brought to charge a lot on Twenty-seventh street, two lots on Forty-first street and one lot on Broadway in the city of New York with the payment of $40,000, or so much as should be found due the plaintiff on an accounting, alleged to have been wrongfully invested by the defendant in those pieces of real estate. The action was tried before a referee, who made a report directing that the complaint be dismissed on the merits, with costs, on which a judgment was entered, which was reversed by the General Term and a new trial granted, costs to abide the event, for an error committed by the referee in requiring the plaintiff to call and swear Mr. Woodward as a witness. The order appealed from granted a new trial to be had before a referee named in it, with costs to abide the event, but, in addition, it directed that the complaint and notice of pendency of action be amended by striking out all allegations concerning the lots

on Twenty-seventh, Forty-first streets and Broadway, thus depriving the plaintiff of the right of establishing any lien upon those lots in case he should succeed in the action. From this part of the order the plaintiff appealed to this court. This action is one in which the plaintiff had the right to record a notice of its pendency. (Code C. P. § 1670; *Mills* v. *Bliss,* 55 N. Y. 139.) This right was an absolute one, not resting in the discretion of the court, but conferred by statute, and having been properly filed, it cannot be canceled except pursuant to section 1674 of the Code of Civil Procedure. (*Mills* v. *Bliss, supra; Wilmont* v. *Meserole,* 9 J. & S. 274; *Brainerd* v. *White,* 16 id. 399; *Niebuhr* v. *Schreyer,* 13 Daly, 546.)

No motion for an order directing the amendment of the complaint, or of the *lis pendens,* was made, and the record does not disclose the existence of any of the causes prescribed by section 1674 for the cancellation of the notice, nor does it disclose that either counsel was heard upon the question. Upon such a record, and under such circumstances, the General Term was without power to direct that the notice of the pendency of the action be so amended as to cancel and destroy it.

The objection is made that the plaintiff did not stipulate that if the order appealed from is affirmed judgment absolute shall be rendered against the appellant as required by subdivision 1 of section 191 of the Code of Civil Procedure. It will be observed that the plaintiff has not appealed from that part of the order granting a new trial, or from any portion of it which the General Term had power to grant, but limited his appeal to the clause which, in effect, canceled the notice of the pendency of the action and amended the complaint without a hearing. When an appeal is taken from a provision inserted in an order granting a new trial which the court had no authority to make because the question so decided was not presented by the record, the stipulation need not be given.

The part of the order appealed from should be reversed, with costs.

All concur.

Ordered accordingly.