Murray *v.* Barth.

Employed by the partnership and not by its individual members; engaged to serve the partnership and not its individual members; plaintiff's relation to the partnership was dissolved necessarily by its dissolution.

As well, therefore, upon principle as authority, we conclude that the contract of the plaintiff with the firm of John Early and Company terminated on the dissolution of the copartnership by the death of Early.

The defendant is sued, however, as well in her personal as her representative capacity, and plaintiff's alternative claim is upon a contract with her. Conceding his employment by the defendant, it was terminable at will, because for no definite period (Campbell *v.* Jimenes, decided the present term), and he was duly discharged upon payment for his services.

BOOKSTAVER, P. J., and BISCHOFF, J., concurred.

Judgment affirmed, with costs.

---

## MURRAY *v.* BARTH.

*N. Y. Superior Court ; Special Term, July,* 1893.

1. *Mechanic's lien.*] The owner of premises, who has given an undertaking under L. 1885, c. 342, § 24, subd. 6, in discharge of a mechanic's lien, is not entitled under Code Civ. Pro. § 1674, as amended by L. 1892, c. 502,* to the cancellation of the notice of *lis pendens*, filed in an action to foreclose the lien.

---

* The provisions of Code Civ. Pro., § 1674, as amended by L. 1892, c. 502, authorizing the cancellation of notices of *lis pendens*, are as follows : " After the action is settled, discontinued or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired, or if a plaintiff filing the notice unreasonably neglects to proceed in the action,

---

Murray *v*. Barth.

---

2. *Notice ; of suit pending.*] The right to file a notice of *lis pendens* is an absolute right, not resting in the discretion of the court ; and if the notice is properly filed, it may not be cancelled, except in accordance with Code Civ. Pro., § 1674.

Motion to cancel a notice of suit pending.

Action by James Murray and others against John ·C. Barth and others to foreclose a mechanic's lien.

*Kurzman & Frankenheimer*, for motion.

*C. S. Bloomfield*, opposed.

GILDERSLEEVE, J.—This is a motion to cancel a *lis pendens*. The action was brought to foreclose a mechanic's lien. The defendants, who are the owners of the premises, were allowed to give an undertaking, under subd. 6, sec. 24, chap. 342, of the Laws of 1885, in discharge of the lien, and an order was granted discharging the same. But the *lis pendens* which the plaintiffs filed, still remains, and defendants now move to have it cancelled, claiming that they are entitled to the relief sought, for the reason that they have amply secured the plaintiffs' rights by the

---

the court may, in its discretion, upon the application of any person aggrieved, and upon such notice as may be directed or approved by it, direct that a notice of the pendency of an action, filed as pre-scribed in the last four sections, be cancelled of record by a par-ticular clerk, or by all the clerks, with whom it is filed and recorded. . . . In a judgment creditor's action, the court may, at any stage of the proceeding, and upon notice to the plaintiff, or to the judg-ment creditor to be affected thereby, direct that a notice of the pendency thereof be cancelled upon payment into court of the amount of the judgment, or judgments sought to be enforced, in such action, together with accrued interest, and such sum in addition thereto as the court may deem sufficient to cover interest likely to accrue during the pendency of the action and costs. Or in lieu thereof the court may, in its discretion, order that an under-taking be given," etc.

bond which they have filed in discharge of the mechanic's lien.

I am of the opinion that it is not within the power of the court to cancel the *lis pendens* in this case. Section 1674 of the Code provides under what circumstances a *lis pendens* may be cancelled ; which are : (1) Where the action is settled, discontinued or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired ; (2) if a plaintiff filing the notice unreasonably neglects to proceed in the action ; and (3) in a judgment creditor's action, upon payment into court of the amount indicated or the filing of the bond specified in the section. None of these conditions are presented in the case at bar. Where the action is one in which the right is given the plaintiff by the Code to file a *lis pendens*, the right is absolute, not resting in the discretion of the court ; and if the notice is properly filed it may not be canceled except pursuant to the provisions of section 1674 of the Code (Beman *v.* Todd, 124 *N. Y.* 114). The provisions of the section should be strictly followed in all their essential requirements (Willis *v.* Bellamy, 53 *Super. Ct.* 94). The General Term of the court of common pleas held, in the case of Niebuhr *v.* Schreyer (1 *State Rep.* 626) that " the right to file a *lis pendens* is an absolute right, not depending on the discretion of the court, and a proper notice once filed in a proper action the court can only order cancelled when the action shall be settled, discontinued or abated, or final judgment rendered against the party filing the notice, and the time to appeal has expired, or when the party unreasonably neglects to proceed."

Since that decision was rendered, however, the legislature (*Laws of* 1892) has extended the scope of the statute (sec. 1674 of the Code), so that now, in a judgment creditor's action the *lis pendens* can be cancelled upon paying money into court or giving a bond, as provided for in the section. But this amendment does not affect the case

at bar, which is an action to foreclose a mechanic's lien, not a judgment creditor's action ; and the rule, above laid down, that the statute must be strictly construed, and that the court has no power to cancel the *lis pendens*, except in accordance with the provisions of section 1674 of the Code, controls this motion.

The motion to cancel the *lis pendens* must be denied, with $10 costs.