### MURRAY et al. v. BARTH et al.

(Superior Court of New York City, Special Term. July 24, 1893.)

Lis Pendens—Motion to Cancel.

　　Though an undertaking in discharge of a mechanic's lien after action was brought to foreclose, and notice of lis pendens filed, has been given as provided by Laws 1885, c. 342, § 24, subd. 6, a motion to cancel the lis pendens will not lie, as Code Civil Proc. § 1674, authorizing such relief, does not include such case, but only applies (1) where the action is settled, discontinued, or abated, or final judgment rendered against the party filing the notice, and the time to appeal has expired; (2) where plaintiff filing the notice unreasonably neglects to proceed; and (3) in a judgment creditors' action, where the amount is paid into court, or a bond therefor is filed.

Action by James Murray and others against John C. Barth and others to foreclose a mechanic's lien. The owner of the property moves to cancel a lis pendens, notice of which was theretofore filed. Denied.

Kurzman & Frankenheimer, for the motion.

C. S. Bloomfield, opposed.

GILDERSLEEVE, J. This is a motion to cancel a lis pendens. The action was brought to foreclose a mechanic's lien. The defendants, who are the owners of the premises, were allowed to give an undertaking, under subdivision 6, § 24, c. 342, of the Laws of 1885, in discharge of the lien, and an order was granted discharging the same. But the lis pendens which the plaintiffs filed still remains, and defendants now move to have it canceled, claiming that they are entitled to the relief sought, for the reason that they have amply secured the plaintiffs' rights by the bond which they have filed in discharge of the mechanic's lien. I am of the opinion that it is not within the power of the court to cancel the lis pendens in this case. Section 1674 of the Code provides under what circumstances a lis pendens may be canceled, which are: (1) Where the action is settled, discontinued, or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired; (2) if a plaintiff filing the notice unreasonably neglects to proceed in the action; and (3) in a judgment creditor's action, upon payment into court of the amount indicated, or the filing of the bond specified in the sec-

tion. None of these conditions are presented in the case at bar. Where the action is one in which the right is given .the plaintiff by the Code to file a lis pendens, the right is absolute, not resting in the discretion of the court; and if the notice is properly filed it may not be canceled, except pursuant to the provisions of section 1674 of the Code. Beman v. Todd, 124 N. Y. 114, 26 N. E. Rep. 326. The provisions of the section should be strictly followed, in all their essential requirements. Willis v. Bellamy, 53. N. Y. Super. Ct. 97. The general term of the court of common pleas held in the case of Niebuhr v. Schreyer, 13 Daly, 546, that "the right to file a lis pendens is an absolute right, not depending on the discretion of the court, and, a proper notice once filed in a proper action, the court can only order canceled when the action shall be settled, discontinued, or abated, or final judgment rendered against the party filing the notice, and the time to appeal has expired, or when the party unreasonably neglects to proceed." Since that decision was rendered, however, the legislature (Laws 1892) has extended the scope of the statute, (section 1674 of the Code,) so that now, in a judgment creditor's action, the lis pendens can be canceled upon paying money into court, or giving a bond as provided for in the section. But this amendment does not affect the case at bar, which is an action to foreclose a mechanic's lien, not a judgment creditor's action; and the rule above laid down, that the statute must be strictly construed, and that the court has no power to cancel the lis pendens, except in accordance with the provisions of section 1674 of the Code, controls this motion. The motion to cancel the lis pendens must be denied, with $10 costs.