Bernard S. Meyer, J.
The complaint herein alleges that defendant converted soil on plaintiff’s land and spread it upon other land of defendant. The first cause of action is for treble damages; the second cause of action seeks enforcement of an equitable lien. Defendant moves to cancel the lis pendens because it was not filed in good faith, or in the alternative to bond the lien.
*297 Since plaintiff is entitled to follow the proceeds of the conversion she will be entitled to an equitable lien on such part of defendant’s land as she proves to have been improved with her topsoil (Fur & Wool Trading Co. v. George E. Fox, Inc., 245 N. Y. 215, 218; Restatement, Restitution, § 206, Comment a; see Beman v. Todd, 124 N. Y. 114). Cases such as Braunston v. Anchorage Woods (10 N Y 2d 302) and Temple Beth Elohim v. Candlelight Homes (N. Y. L. J., Aug. 3, 1962, p. 8, col. 1) are therefore distinguishable.
The contention that plaintiff did not file the lien in good faith is based upon the alleged failure of plaintiff to assert that a conversion had occurred at any time prior to the commencement of the action notwithstanding that the parties had engaged in extended negotiations concerning the correction of defects in a home plaintiff purchased from defendant. In answer, plaintiff presents affidavits from two neighboring homeowners that they saw topsoil being trucked from plaintiff’s lot.
On the papers presented, the court cannot determine whether the lis pendens was filed in good faith. Rather than set the matter down for hearing on that issue, the court, in the exercise of discretion, will deny that branch of the motion seeking cancellation of the lien, without prejudice, however, to the assertion of a counterclaim by defendant for cancellation of the lis pendens and damages under section 123 of the Civil Practice Act.
Since plaintiff’s papers establish only that 10 truckloads of topsoil were removed from her property and her equitable lien covers only single, and not treble, damages, it is clear that adequate relief can be secured her by the giving of an undertaking, and since the closing of other sales by defendant is prevented by the lis pendens, the court will exercise its discretion to cancel the lis pendens on the filing of an undertaking. The amount of the undertaking will be fixed in the order to be entered hereon. Each of the parties may submit affidavits at the time such order is settled concerning the value of topsoil per truckload.