## SUPREME COURT.

PHINEHAS A. SMITH, respondent agt. NORMAN AYLESWORTH, appellant.

Where a defendant delays until the *second day of the circuit*, to file and serve an *affidavit of merits* in order to prevent an inquest, he is bound at his peril to *serve it* in such a way as, in all reasonable probability, to bring the service to the knowledge of the attorney or counsel of the plaintiff having charge of the cause at the circuit, *before the inquest is taken.*

A service made on a *clerk in the office, in the absence of the attorney*, must be regarded equivalent to a service upon the attorney personally.

*Monroe General Term, September*, 1862.

JOHNSON, WELLES and CAMPBELL, *Justices.*

APPEAL from an order of special term denying motion to set aside an inquest taken at the Monroe circuit, in January, 1862.

The circuit commenced on Monday the 6th of January. On that day the defendant made the usual affidavit of merits, which was filed on the following day (Tuesday) at $8\frac{1}{2}$ o'clock in the forenoon, and before the opening of the

court on that day.  The affidavit of one of the attorneys for the defendant states, among other things, the following facts : That the cause stood No. 212 on the circuit calendar ; that he, the attorney, after filing the defendant's affidavit of merits with the clerk, went directly to the office of the plaintiff's attorney, and served a copy of said affidavit of merits, indorsed with a notice of filing the original with the clerk, by leaving the same with the clerk of the plaintiff's attorney, in his office, at from ten to fifteen minutes before nine o'clock, the time for opening the court on said 7th day of January.  That said clerk told him that plaintiff's attorney had gone to the court.  That he, the deponent, went immediately to the court room and clerk's office, and could find plaintiff's attorney at neither place.  That the court bell had not then rung, nor was there any one in the court room but a constable.  That on the afternoon of the 7th January aforesaid, the plaintiff's said clerk told deponent, that on receiving said notice and affidavit of merits, he went at once to the court-house with the same, to find plaintiff's attorney, but could not find him.  The deponent further states, that after returning to said court room, and not finding the plaintiff's attorney, he returned to his own office in the Arcade, and had been there some time, drawing an affidavit in a suit for Mr. Cochrane the clerk, before the bell rung for court.  That when the bell did ring, he went at once to the court room, and there learned that the plaintiff's attorney had taken an inquest in the action, out of its order on the calendar, for $133.21, being the first inquest taken.  That deponent then at once, and before the order of inquests was over, and before any order had been entered in the action, told the plaintiff's attorney, then in court, and in presence of the court, that an affidavit of merits had been duly filed and served before the opening of court, and asked him to open the inquest, which he declined.

The opposing affidavits fully exculpate the plaintiff's

attorney from any unfairness, and show that he acted in good faith in taking the inquest, and that at the time it was taken he had no personal knowledge that an affidavit of merits had been made or served. They do not, however, deny that such affidavit had been made and filed, and a copy served upon the clerk of the plaintiff's attorney, and in the absence from the office of the attorney, with notice that the original was filed with the clerk of the court, before the opening of the court, on the second day of the circuit. There are some circumstantial differences in the statements in the affidavits in behalf of the respective parties, but not of sufficient consequence to be stated here.

GEORGE B. BRAND, *for the defendant, appellant.*
JNO. VAN VOORHIS, *for the plaintiff, respondent.*

By the court, WELLES, Justice. The only question presented on this appeal is, whether the affidavit of merits was filed and a copy served in time to prevent the inquest. The affidavits read on the motion establish, as I think, that both were done before the opening of the court, on the second day of the circuit. The copy affidavit and notice of filing, &c., were properly served on the clerk in the office of the plaintiff's attorney, he not being in his office at the time. No unfairness or laches are attributable to any one, unless it was laches on the part of the defendant's attorney in not filing and serving the affidavit of merits as early as the first day of the circuit. The plaintiff's attorney had noticed the cause for an inquest, and without any actual knowledge, or any notice that had reached him personally, he proceeded at the proper time to take the inquest. The defendant's attorney, on the morning of the second day of the circuit, filed the affidavit, and served the copy on the clerk of the plaintiff's attorney, before the opening of the court, and went immediately in search of the attorney to

inform him what had been done, but did not succeed in finding him,

The 29th standing rule of the court is as follows : " Inquests may be taken in actions out of their order on the calendar, in cases in which they were heretofore allowed, at the opening of the court on any day after the first day of the court, provided the intention to take an inquest is expressed in the notice of trial, and a sufficient affidavit of merits shall not have been filed or served."

The defendant was literally within the latter provision of the rule. At the time the inquest was taken, a sufficient affidavit of merits had been actually filed and served. Unless there is some provision of law or rule of practice requiring the copy affidavit to be served personally upon the attorney, under the 29th rule, the service upon the clerk of the plaintiff's attorney, under the circumstances detailed in the affidavits, was sufficient. ( *Code*, § 409, *sub*. 1.)

It is contended by the plaintiff's counsel that the inquest was regular, and the case of *Brainard* agt. *Hanford*, (6 *Hill*, 368,) is referred to. That case was much like the present in most of its features. It was a motion to set aside an inquest taken at the New York circuit, on the alleged ground of irregularity on the part of the plaintiff. On the second day of the circuit the court was to open at half past ten o'clock in the morning. About twenty minutes before that time, the attorneys for the plaintiffs left their office in the city, for the purpose of attending the circuit, and on the opening of the court took the inquest, not having then heard of an affidavit of merits. On leaving their office they put up a written notice, in a conspicuous place on the outside of the door, stating they had gone to the city hall. Very soon afterwards, and before the inquest was taken, the agent of the defendant's attorney entered the office, the door being unlocked, and finding no person there, served a copy of the affidavit of merits, the original having been properly filed, by leaving the same in a conspicuous place

Smith agt. Aylesworth.

on the table in the office. The defendant's attorneys resided in Kingston, and sent the affidavit to their agent in the city, to be filed and served. The court held the inquest regular, on the ground that the copy affidavit of merits was not served until the day when the inquest might be regularly taken, and the plaintiff's attorney not knowing of the service. The court put their decision on the further ground that the agent made a mistake in leaving the paper in the vacant office, or that if he left it there, he should have sought the attorneys, and informed them of the service.

The rule which I extract from this decision is, that where a defendant delays until the second day of the circuit, to file and serve an affidavit of merits, in order to prevent an inquest, he is bound at his peril to serve it in such a way as, in all reasonable probability, to bring the service to the knowledge of the attorney or counsel of the plaintiff having charge of the cause at the circuit, before the inquest is taken. In the present case, the service was made on a clerk in the office in the absence of the attorney. This, I think, should be regarded equivalent to a service upon the attorney personally. The attorneys for each party resided and kept their offices in the city of Rochester, where the circuit court was sitting, and I think it is to be presumed the clerk could have found his principal, and informed him of the service, before the inquest was taken, if he had made the effort, which he should have done. It is quite different from a service in a vacant office, as in the case cited; especially as in that case the agent was informed by the notice on the side of the door, where the plaintiff's attorneys could be found.

Upon the whole, I am of the opinion that the order should be reversed, and the inquest, with all the subsequent proceedings on the part of the plaintiff, set aside. On the question of costs, which is in the discretion of the court, I am not disposed to award any to the defendant.

He shows no sufficient reason why he did not file and serve the affidavit on or before Monday, which, if he had done, would have probably avoided the necessity of this motion and appeal.