Sedgwick, J.
I am of opinion that the court properly denied the motion to cancel the notice of Us pen-dens. It is not necessary to assert that in no case would the court have power to cancel a notice of Us pendens before, a settlement, discontinuance or abatement of the action. It is enough if it had not the power in a case of this kind.
The complaint claims that, by reason of the facts therein stated, the plaintiff is entitled to a judgment that the real estate of the defendant White be charged with the payment of the promissory note alleged to have been made by her. It is not material to determine now whether he has or has not, by reason of the facts, a right to such a judgment. Unless the defendant should interpose in some competent way, if she made entire default, the plaintiff could enter such a judgment. Then, between them, it would be res adjudicada. The plaintiff has the right to make the claim, and at least have it litigated. Such a judgment would affect “ the title to real property ” (§ 1670, Code Civ. Pro.). It would be an incumbrance upon it.
Before the statute requiring a notice of Us pendens to be filed, in order to give notice to strangers of the existence of the right claimed in the action, constructive notice was given by the filing of the bill of complaint and beginning the suit. In this former practice the complainant had the benefit of notice, whether he afterwards succeeded or failed, and purchasers took at their peril. And it may be said that the statute, so far as real estate was concerned, only substituted for notice by mere filing and sefvice of subpoena, the specific notice now required to be filed, leaving strangers, *413 in the latter as in the former case, to act at their own risk.
En this present case, if the motion had been granted, it would have been in consequence of the defendant contending that the plaintiff had not legal right to have the real estate charged, and of the court so holding. That would have been a determination of the plaintiff’s cause of action against him. If, at the subsequent stage of the action, this was followed, the issues would practically be determined upon motion, instead of upon trial. Or, if it were not followed,-the action might be sustained and the benefit of the notice gone. The matter cannot be heard upon motion.
Under section 1670, the nature of the judgment which the action is brought to recover, is the description of the action in which a notice of lis pendens may be filed, and not the validity of the cause of action as described by the complaint.
The section mitigates somewhat the supposed consequence of unfounded claims of this kind. The notice may be canceled if there be unreasonable neglect to proceed in the action.
It may be proper to add, that cases where the complaint does not, on its face, make a claim for a judgment that would affect real estate, have not been referred to.
Order affirmed, with $10 costs.
Freedman and Russell, JJ., concurred.