## MORAN v. HELF.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. PLEADING—ANSWER—ORDER EXTENDING TIME.
    An irregular order extending the time to answer is operative, where plaintiff has not appealed from it, or taken other steps to vacate it.

2. SAME—VERIFICATION—SUFFICIENCY.
    A verification by plaintiff's attorney of a complaint containing only positive averments stated that the same were true, to his own knowledge, and that "the source of his information as to the facts alleged are conversations with plaintiff." Held, that the unnecessary qualifying statement as to the source of his information showed that he was disqualified

to make the verification, and rendered it defective, under Code Civ. Proc. § 526, requiring qualifications to be to the effect that the pleading is true, to deponent's knowledge, etc., and defendant was therefore authorized to treat the complaint as unverified.

Appeal from special term, New York county. ·

Action by Edward P. Moran against J. Fred Helf. From an order directing plaintiff to receive an unverified answer, he appeals. Affirmed.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Herbert H. Walker, for appellant.

David M. Neuberger, for respondent.

HATCH, J. The order which was made extending the defendant's time to answer was probably irregular, but it was not void; and, the plaintiff never having appealed therefrom or taken other steps to procure it to be vacated, it was valid, and operated to extend the defendant's time to answer. The averments contained in the complaint are positive,—nothing being alleged upon information and belief,—and the verification is that these allegations are true. This, therefore, constitutes a complete verification, under section 526, Code Civ. Proc. In re McCauley, 94 N. Y. 574. So far, therefore, as the verification of the positive averments of the complaint are concerned, no explanation of the source of the attorney's information was necessary; for, in terms, he said he was possessed of actual knowledge of the matters which he verified by his oath. Had the matter remained in that form, the verification answered every requirement of law, and constituted such a pleading as required the defendant to make answer under oath. But the difficulty which the verification presents is that it goes too far in statement, as the affiant immediately proceeds to show that, as to the matters to which he made oath as facts within his knowledge, the statement was not in accordance with the truth. He says, "The source of the deponent's information as to the facts alleged in the complaint are conversations with the plaintiff." From this statement, it appears that the attorney for the plaintiff had no personal knowledge of any of the facts alleged in the complaint. This qualifies the former statement, and shows the attorney disqualified to make the verification. It was, therefore, defective, and the defendant was authorized to treat it as an unverified pleading (Code Civ. Proc. § 528), and therefore had a right to serve an unverified answer, and the plaintiff was bound to accept it.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.