(44 Misc. Rep. 23.)

## SHANDLEY v. LEVINE et al.

(Supreme Court, Special Term, New York County.   June, 1904.)

1. LIS PENDENS—CANCELLATION.

    The right of filing a lis pendens under Code Civ. Proc. § 1670, is an abso-
lute one, not resting in the discretion of the court; and, having been prop-
erly filed, it cannot be canceled, except pursuant to section 1674, author-
izing cancellation on settlement, discontinuance, or abatement of the action
or final judgment, or neglect to prosecute.

2. SAME.

    On motion to cancel a notice of lis pendens, the court cannot consider
whether the action can be maintained.

Action by James J. Shandley against Israel Levine and others.
Motion to cancel a lis pendens.   Denied.

Ralph Nathan, for motion.
Thomas E. Rush, opposed.

    GIEGERICH, J.   The action is brought to compel the defendants
Levine to specifically perform an agreement, made December 16,
1903, to convey the real estate in question.   The complaint further
alleges "that thereafter [that is, subsequent to December 16, 1903]
the defendants Israel Levine and Lena Levine [his wife] conveyed to
the defendant Esther Berrent the premises herein described, and said
Esther Berrent is the owner of the record title of said premises at
this time."   The theory of the motion, as appears from the argument,
is that the filing of the lis pendens was absolutely unwarranted, since
Israel Levine was not the owner of the property, and no claim is
made against the defendant Berrent.   The complaint alleges, how-
ever, that Israel Levine was the owner of the property on the date of
the contract, to wit, December 16, 1903; and it is noticeable that in
the moving affidavit the defendant Berrent contents herself with stat-
ing that title vested in her on the 28th day of January, 1904, without
saying from whom she obtained the property.   It is obvious that the
action is of the character specified in section 1670 of the Code of Civil
Procedure, and that the plaintiff, if he has any cause of action at all,
was within his rights in filing the lis pendens.   The circumstances
under which a lis pendens, when once filed, can be canceled, are pre-
scribed in section 1674.   There may be some question as to whether
the allegations of the complaint are sufficient to affect the title in the
hands of the defendant Berrent, but there can be no question, if the
statements in the opposing affidavit are true, that facts exist which,
if properly pleaded and proved upon the trial, will impeach her title;
it being averred in such affidavit that she is the holder of the record
title only of the premises in question by conveyance from the defend-
ants Levine, and that the defendant Israel Levine continues to be the
real owner.   In Mills v. Bliss, 55 N. Y. 139, it was said:

    "The right to file a notice of lis pendens which shall be constructive notice
to subsequent purchasers or incumbrances of the property affected thereby is

---

¶ 1. See Lis Pendens, vol. 33, Cent. Dig. § 33.

given in all actions affecting the title to real property. Code [Voorhies', 1868] § 132. This is an absolute right, not depending on the discretion of the court, and a notice once filed in a proper action the court.can only order canceled when the action shall be settled, discontinued, or abated; that is, the court cannot interfere with it, or derogate from its efficiency as a notice affecting subsequent purchasers or incumbrances, so long as the action is pending and undetermined. * * * Whether the action can be sustained is not a question to be passed upon on this appeal. The plaintiff may fail to prove the facts alleged, or the court may hold that the action is untenable upon the facts stated. * * * The questions of fact as well as of law must· be disposed of upon the trial and hearing of the cause. They cannot be determined upon an interlocutory motion. That the action, upon the theory upon which it is brought, and upon the complaint as framed, does affect the title to real property, asserting, as it does, a legal and equitable right to a lien thereon, cannot be questioned; and, upon the face of the complaint, the notice of lis pendens was properly filed."

In Brainerd v. White, 12 Abb. N. C. 407, at page 413, the court said:

"In this present case, if the motion had been granted, it would have been in consequence of the defendant contending that the plaintiff had not legal right to have the real estate charged, and of the court so holding. That would have been a determination of the plaintiff's cause of action against him. If at the subsequent stage of the action this was followed, the issues would practically be determined upon motion, instead of upon trial. Or, if it were not followed, the action might be sustained, and the benefit of the notice gone. The matter cannot be heard upon motion. Under section 1670, the nature of the judgment which the action is brought to recover is the description of the action in which a notice of lis pendens may be filed, and not the validity of the cause of action as described by the complaint."

The doctrine of the above cases was reaffirmed in the more recent case of Beman v. Todd, 124 N. Y. 114, 26 N. E. 326, in the following language:

"This right [of filing a lis pendens] was an absolute one, not resting in the discretion of the court, but conferred by statute; and, having been properly filed, it cannot be canceled, except pursuant to section 1674 of the Code of Civil Procedure."

In the present instance there may be some question as to whether the complaint is sufficiently complete in its allegations to charge the defendant Berrent, and there may be some dispute as to the actual facts; but since the theory of the action is plainly such as is contemplated by section 1670, and the lis pendens has been properly filed, and none of the events prescribed in section 1674, namely, settlement, discontinuance, or abatement of the action, or final judgment, or neglect to prosecute, has occurred, there are no facts which would warrant the granting of the relief sought.

Motion denied, with $10 costs.