(99 App. Div. 245)

## MORRIS et al. v. FOWLER.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. COMPLAINT—VERIFICATION—SUFFICIENCY.

Where it appears from the verification to a complaint that the affiant has no personal knowledge of the facts stated in the complaint, the verification is insufficient.

2. UNVERIFIED ANSWER—SUFFICIENCY.

An unverified answer may properly be served to a complaint having an insufficient verification.

Appeal from Special Term, New York County.

Action by Nelson Morris and others against Charles H. Fowler. From an order denying a motion to compel plaintiffs to accept an unverified answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George B. Stoddart, for appellant.
William F. Byrne, for respondents.

PATTERSON, J. This is a motion to compel the plaintiffs to accept an unverified answer and to set aside judgment entered on default of service of an answer. The action is for goods sold and delivered, and the allegations are positive, and none on information and belief. There is an attempted verification of the complaint made by Mr. Byrne, the attorney for the plaintiffs, and it is peculiar in form. He says that he resides in the borough of Manhattan, and that he is the plaintiffs' attorney; "that he has read the foregoing complaint, and that he same is true of his own knowledge and belief, except as to the matters therein alleged on information and belief, and as to those matters he believes it to be true." If that were all, it would be a good verification (Kieley v. Barron & Cooke Heating & Power Co., 87 App. Div. 317, 84 N. Y. Supp. 306); but the affiant goes on further to say:

"That the grounds of his belief and the source of his information as to the matters therein not stated on his knowledge are as follows: * * * He has interviewed the defendant, and has received letters from the defendant acknowledging his indebtedness to the plaintiffs, and promising to pay same. Deponent further says that the reason this verification is not made by the plaintiffs, or either of them, is that the plaintiffs are without the state of New York, and have no personal knowledge of the facts herein stated."

---

¶ 2. See Pleading, vol. 39, Cent. Dig. § 886.

This is not a good verification, for the reason stated in Moran v. Helf, 52 App. Div. 481, 65 N. Y. Supp. 113, viz., that from the statements in the affidavit of verification it appears that the attorney had no personal knowledge of the facts stated in the complaint. The defendant served an unverified answer, which was returned. He insists that he was entitled to put in such an answer, and, in view of what was held in the case last cited, his contention is right. It was there decided that an unverified answer may properly be served to a complaint which is verified as the one in the case at bar is.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

O'BRIEN and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. (concurring). I concur in the views expressed by Mr. Justice PATTERSON, but wish to make some further observations. The provisions of section 526 of the Code of Civil Procedure prescribing the form of verification of pleadings are plain, and may be readily complied with in any case. There is no excuse for departing from the form therein prescribed, and thus giving rise to technical questions as to whether such departure is or is not material. There is an inexcusable departure from the proper form of verification of the complaint in two respects: In the first part of the verification the affiant, instead of stating that the facts alleged in the complaint are true to his own knowledge, as required, states, instead, that they are true to his own "knowledge and belief." With respect to the positive allegations of the complaint, the belief of the party who is verifying the pleading is utterly immaterial, and it was evidently inserted in this case with the idea that it qualified the positive statement that the allegations were true of his own knowledge. Doubtless it did not have that effect, but it was misleading and should not be there. Moreover, instead of following the requirements of the Code in the verification concerning the allegations not made positively, and stating "except as to the matters therein stated to be alleged on information and belief," this verification is "except as to the matters therein alleged on information and belief." In view of the provisions of section 524 of the Code of Civil Procedure, it may well be that, since none of the allegations are stated to be made on information and belief, they must all be deemed to have been made on the personal knowledge of the affiant, yet that does not excuse this departure from the prescribed form. It is impossible to determine from the verification which allegations of this complaint were intended to be made on the personal knowledge of the affiant who verified the pleading, and which were intended to be alleged on information and belief. If the simple form clearly prescribed by the Code had been followed, no such doubt could arise. It would then clearly appear that every allegation not expressly stated in the complaint to be made upon information and belief was upon the personal knowledge of the affiant. Substantial com-

pliance with the prescribed forms should be enforced, to the end that the time of the courts may. be reserved for the decision of questions affecting the merits of the litigation.

VAN BRUNT, P. J., and PATTERSON, J., concur.