MARY BEGLIN, Plaintiff, *v.* THE PEOPLE'S TRUST COMPANY, Defendant.

(County Court, Kings County, November, 1905.)

**Default — Right to take default — Failure to file affidavit of merits — Inquest.**

> Where the defendant serves an unverified answer the plaintiff may take an inquest unless an affidavit of merits is filed and served; but, in view of the rare enforcement of the right and the consequent unfamiliarity of counsel with the procedure upon such an application, defendant was permitted to file and serve his affidavit of merits forthwith, whereupon the application was denied without costs to either party.

APPLICATION for inquest on the ground that defendant, having served an unverified answer, has failed to serve and file an affidavit of merits.

Herbert Warbasse, for motion.

T. Ellett Hodgskin, opposed.

CRANE, J.    Application is made in this case for inquest on the ground that the defendant, having served an unverified answer, has failed to serve and file an affidavit of merits.

The complaint is unverified.    Section 523 of the Code of Civil Procedure provides that, where a pleading is verified, each subsequent pleading must also be verified; which implies that, where a pleading is unverified, each subsequent pleading may be unverified.    In this case, therefore, as the complaint is without verification, the unverified answer is sufficient as a pleading and could not be returned or treated as a nullity.    Phonoharp Co. v. Stobbe, 20 Misc. Rep. 698; Moran v. Helf, 52 App. Div. 482; American Audit Co. v. Industrial Federation, 84 id. 304.

The unverified answer being good and sufficient as a pleading, no notice could be given and none was called for

under section 528 of the Code.    That section applies simply to cases where the pleading is defectively verified and permits the party, after notice, to treat it as a nullity; which means that, if the defect is not cured, application may be made for judgment as by default.

But, while an unverified answer is sufficient for an unverified complaint, yet, unless an affidavit of merits is served and filed, an inquest may be taken.    Prior to 1876 an inquest might have been taken, whether the answer was verified or unverified, unless an affidavit of merits was served and filed.    The Rule, 3 Johns. 542; Baker v. Ashley, 15 id. 536.

By chapter 431 of the Laws of 1876 (continued in the Code of Civil Procedure, section 980), this rule was modified by the provision: " No inquest shall be taken in any case for want of an affidavit of merits in cases where the pleadings are verified."    That inquests may be taken in cases where the answer is unverified and no affidavit of merits is served and filed, appears to be the present rule, although seldom, if ever, put in practice.    General Court Rules, No. 28; Nichols, N. Y. Pr. 560; 2 id, 2169–2173; Rumsey Pr. (2nd Ed.), 260.

The affidavit of merits thus required need not necessarily accompany the answer, but it can be served and filed at any time before actual inquest is taken; in fact, it may be filed and handed to the attorney in court on the day of the application for inquest.    Smith v. Aylesworth, 24 How. Pr. 33; Brainard v. Hanford, 6 Hill, 368.

No doubt it is because of this fact, that the affidavit of merits may be thus served and filed at the last minute, that it is no longer the practice, if it ever were, to apply for inquests because no affidavit has been served.    The utmost that can be accomplished by such applications, except perhaps in extraordinary cases, is the recovery of costs on the granting of the defendant's application to open the inquest or to open his default in failing to file the affidavit of merits. The procedure and practice of today has brushed aside many of those rules which aided very little in arriving at a final disposition of a case.

The attorney for the defendant appeared upon this appli-

cation for inquest, opposed the same, submitted affidavits and stated that the defendant desired to defend the action upon the merits and had a good defence; but he did not understand that the present practice required the filing of any affidavit of merits and he was uncertain, after examining authorities as to what was the correct procedure; he also stated that, if the court, the law, or the rules required an affidavit of merits, he was ready and prepared to serve and file the same.

For the reason that the defendant could have served and filed his affidavit of merits upon the return day of this motion and, also, from the lack of recent authorities on the practice and the uncertainty of some that have been made, I deem it in the interests of simplified and reasonable practice to permit the defendant to file and serve his affidavit of merits forthwith.

Upon the defendant's immediately filing and serving the affidavit of merits, as required by the rule, the application for inquest will be denied, without costs to either party.

Application denied, without costs.