County Court, Saratoga County, January, 1906.     [Vol. 49.

GEORGE JOHNSON, Respondent, *v.* NELSON G. FREEMAN, Appellant.

(County Court, Saratoga County, January, 1906.)

Justices of the Peace — Procedure of Justices' Courts — Pleading — Verification.

> The verification of a complaint in a Justice's Court, upon a promissory note, set out in full, made by the attorney and agent of the plaintiff, which states that the affiant has shown the note in question to the defendant who has made a payment to him on account thereof, acknowledged the making and delivery of the note and promised and agreed to pay the balance, and gives as a reason why the verification is not made by the plaintiff that he is in another county and not within the county where the action is brought, is sufficient, although it contains no positive statement that the affiant resides in the county where the action is brought or that he has possession of the note.*

APPEAL from a judgment of a Justice's Court, rendered in favor of plaintiff.

John J. Healey, Jr., for appellant.

Stiles & Bradley, for respondent.

ROCKWOOD, J.   The plaintiff brought this action to recover upon a promissory note made by the defendant and prayed for a judgment of forty-three dollars, besides interest and costs.   A written complaint was served upon the defendant containing an alleged verification reading as follows:

" STATE OF NEW YORK,⎱
  " *Saratoga County,*  ⎰ *ss.:*

" Jesse Stiles being duly sworn says that he is the Attorney and Agent for the Plaintiff in the above entitled Action,

---

* Laws of 1881, chap. 414, referred to in the opinion has since been repealed by Laws of 1906, chap. 291, and its provisions incorporated in the Code of Civil Procedure.

and he has read the foregoing Complaint and knows the contents thereof, and that the same is true of his own knowledge, except to the matters stated herein to be alleged on information and belief, and as to those matters he believes it true. That the reason this Complaint is verified by Deponent as Attorney and Agent, and not by Plaintiff personally, is that Plaintiff is at Lake George, Warren County, and not within the County of Saratoga; that the ground of Deponent's knowledge, and source of his information are conversations had with Plaintiff and Defendant, showing Defendant the written instrument set out in the Complaint, and Defendant acknowledging the said instrument to be in his handwriting, and that he delivered the same to Plaintiff, also the Defendant making the payment of Thirty-five Dollars to this Deponent and at the time of making such payment Defendant promising and agreeing to pay the balance of said Seventy-eight Dollars, which Defendant has failed to do.

"(signed     JESSE STILES.

" Subscribed and sworn to before
me January 24th, 1903.
"(signed)   W. H. COGAN,
" *Notary Public.*"

Upon the return day before the justice, the defendant appeared specially and challenged the sufficiency of the verification, averring that it did not comply with the statute and that the complaint was in effect unverified. This was overruled and the defendant's attempt to make an oral answer to the allegations of the complaint denied. Thereupon the justice, treating the complaint as having been properly verified, entered judgment for the plaintiff as upon a default for the full amount claimed, with costs, in all forty-four dollars and eighty-three cents.

The appellant, upon this appeal, relies solely upon the position taken by him before the justice, so that the construction of the verification is the only point at issue. Chapter 414 of the Laws of 1881 permits judgment to be taken before a justice of the peace upon a default, where

the complaint is verified as prescribed by section 526 of the Code of Civil Procedure. That section and section 525 permit a. complaint to be verified by an agent or attorney (as applicable to the case at bar) :

" 1. When the party is not within the county where the attorney resides, etc.

" 2. Where the action or defence is founded upon a written instrument for the payment of money only, which is in the possession of the agent or the attorney."

The verification in question is made by Jesse Stiles as, " the attorney and agent for the plaintiff in the above entitled action," and the reason why it is made by him and not by the party is stated to be " that plaintiff is at Lake George, Warren County, and not within the County of Saratoga." There is no positive statement that the agent of the plaintiff resides in the county of Saratoga or that he has possession of the written instrument sued upon. For these reasons the appellant urges that the judgment should be reversed.

The verification in its entirety is more specific and more carefully drawn than is usual in cases in Justices' Courts. The affiant shows an intimate knowledge of the facts of the case, and it is the plain duty of this court to sustain the judgment unless some vital error has been committed. Code Civ. Pro., § 3063; Bell v. Moran, 25 App. Div. 464.

Upon a most careful consideration the court is of opinion that the judgment must be upheld. While it is true that the agent and attorney fails to state the county of his own residence, he makes further averments which comply in substance with the provisions of sections 525 and 526 of the Code of Civil Procedure.

The statements that he has shown the note in question to the defendant and that defendant has made a payment to him on account thereof imply and carry the necessary inferential conclusions that the agent and attorney has possession of the note for the purpose of collecting it for the plaintiff. It is further averred that the defendant acknowledged to plaintiff's agent the making and delivering of the note and promised and agreed to pay the balance.

Reading this verification as a whole, it is apparent that the affiant had a greater knowledge of the facts sworn to than any one else could have. Section 525 of the Code of Civil Procedure is not limited in its application to cases where the party resides out of the county where the agent resides or where the action is founded upon a written instrument for the payment of money only which is in the possession of the agent. It further provides that the agent or attorney may verify the pleading " when all the material allegations of the pleading are within the personal knowledge of the agent or attorney."

In this complaint the note is set out in full, which is a compliance with section 534 of the Code of Civil Procedure, and the verification fully shows that the allegations of the pleading are all within the personal knowledge of the agent subscribing the affidavit.

For all the reasons given the judgment appealed from is affirmed, with costs.

Judgment affirmed, with costs.