BOWERY SAVINGS BANK, Plaintiff, *v.* WALTER E. WARD et al., Defendants.

(Supreme Court, New York Special Term, December, 1919.)

Lis pendens — when lis pendens will be cancelled by reason of defective verification of complaint — foreclosure — pleading — Code Civ. Pro. § 1670.

> Whether or not a complaint is verified so as to entitle plaintiff to file a *lis pendens* under section 1670 of the Code of Civil Procedure depends on whether or not the verification

complies with the requirements of an affidavit of verification under the Code of Civil Procedure. It is not enough that the plaintiff intended to comply with the same.

Following *Moran* v. *Helf*, 52 App. Div. 481, and *Morris* v. *Fowler*, 99 id. 245, *held*, that an affidavit of verification, otherwise sufficient, is rendered fatally defective by the addition of an averment which shows that the affiant relies upon hearsay information as to material matters alleged on knowledge. Such additional part of the affidavit cannot be disregarded as surplusage.

*Held*, that the application to cancel the original *lis pendens* and the amended *lis pendens* must be granted, even though the nature of the action is such as to permit a *lis pendens* to be filed. The court cannot in the exercise of discretion refuse to grant the application.

APPLICATION for an order cancelling the original *lis pendens* and an amended *lis pendens* in an action to foreclose a mortgage.

Joseph S. Frank, for motion.

Henry M. Bellinger, Jr., opposed.

GAVEGAN, J. In an action to foreclose a mortgage for $65,000, the owner of the equity of redemption, Ward, applies for an order cancelling both the original *lis pendens* and an amended *lis pendens* on the ground that no verified complaint has ever been filed. The time for paying the debt secured by the mortgage was extended to May, 1920, but plaintiff relies on the alleged failure to pay part of the interest which became due on July 1, 1918, as well as the first half of the taxes for 1918.

To the first complaint said defendant demurred and plaintiff served an amended complaint to which he again demurred. From an order overruling the demurrer an appeal was taken. The order was affirmed. On April 11, 1919, an unverified answer was served and

returned. The Special Term denied a motion for an order compelling plaintiff to accept the answer, but that determination was reversed on the ground that the amended complaint was defectively verified and that, therefore, it could be treated as an unverified pleading. *Bowery Savings Bank* v. *Ward,* 188 App. Div. 593.

Plaintiff had, meanwhile, proceeded with the foreclosure, a referee to compute had been appointed, his report filed and other proceedings had. And on April 15, 1919, a second mortgage for $1,000, dated on that day, was recorded against the property. Accordingly, plaintiff proceeded to have the order of reference to compute and the subsequent steps vacated, to bring in the second mortgagee, and to serve, after obtaining leave on terms, a second amended complaint containing fifteen paragraphs alleged on knowledge and three alleged upon information and belief. Defendant Ward again served an unverified answer and plaintiff, accepting it, took such steps that the action was preferred and set for trial.

Said owner now challenges the sufficiency of the verification to the second amended complaint and contends that plaintiff was never entitled to file a *lis pendens,* citing section 1670 of the Code of Civil Procedure, which provides that the *lis pendens* there authorized may be filed " if the complaint is verified."

The verification now questioned reads, in part, as follows: " J. G. L., being duly sworn, says:— That he is the Secretary and an officer of Bowery Savings Bank, the plaintiff in the above entitled action; that he has read the foregoing second amended complaint and knows the contents thereof; that the same is true of his own knowledge except as to those matters therein stated to be alleged upon information and belief, and that, as to those matters, he believes it to

be true; that the reason why said second amended complaint is not verified by the plaintiff is that plaintiff is a domestic corporation;  *  *  *."

Assuming that the foregoing would be sufficient, did the affidavit stop there, it is contended that the remainder of the verification nullifies the averment that the fifteen paragraphs of the second amended complaint alleged on knowledge are true of the affiant's own knowledge and shows that, as to the matters alleged in those paragraphs, he has no such knowledge as justifies his allegation thereof on knowledge. The remainder of the verification is as follows: " *  *  * that deponent has derived the knowledge of the facts above set forth from employees, agents, officers and records of said plaintiff, and from information acquired by him in the performance of his duties as Secretary, as aforesaid."

By the words " the facts above set forth " reference is made to the entire complaint. By no fair construction can they be considered to refer solely to the matters stated to be alleged on information and belief. In showing how " deponent has derived " his " knowledge " affiant demonstrates that his so-called knowledge is not such as to justify his averment that the matters set forth in fifteen paragraphs of the complaint are true " of his own knowledge." See *Moran* v. *Helf,* 52 App. Div. 481; *Morris* v. *Fowler,* 99 id. 245. Those cases make it impossible to adopt plaintiff's view that the last part of the verification can be regarded as surplusage. And I am unable to distinguish them on the ground that in neither case was the verification made by the plaintiff, as this verification can be considered to have been made. It was necessary here for affiant to aver actual knowledge of the fifteen paragraphs alleged on knowledge just as much as in each of the cases cited it was necessary for the

attorney making the verification to aver that he had knowledge of the allegations of the pleading.

Plaintiff cites *Johnson* v. *Freeman,* 49 Misc. Rep. 304. But in that case the verification set forth, as " the ground of deponent's knowledge and the source of his information " facts which showed that he did have the knowledge which he swore to having. Here the affiant by saying his knowledge is derived from employees, agents, officers and records, shows that he is relying on mere information. The evidence to which he refers might be used directly but his repetition of it would be mere hearsay.

Plaintiff contends that, granting the verification is defective and that a defendant may treat the pleading as unverified, nevertheless it contains what purports to be a verification and is, therefore, sufficient under section 1670. From that point of view, the test might be whether there had been a *bona fide* intention and effort to file a verified complaint. To what line of differentiation that might lead I cannot determine. To my mind the test most logical and least apt to develop fine and uncertain distinctions is that based upon the requirements of an affidavit of verification under the Code of Civil Procedure. No other would seem to be called for. " The provisions of section 526 of the Code of Civil Procedure prescribing the form of verification of pleadings are plain and may be readily complied with in any case." Laughlin, J., in *Morris* v. *Fowler,* 99 App. Div. 245, 247. The facility with which any statement of ultimate facts may be verified is especially plain in view of the wide latitude allowed by our system of pleading in regard to making allegations on information and belief.

Plaintiff argues that, though the complaint be unverified, this application cannot be granted, referring to numerous precedents which lay down the rule that

where the nature of the action permits a *lis pendens* to be filed, it cannot be cancelled excepting when the cancellation is authorized under section 1671 or section 1674 of the Code of Civil Procedure. In many cases the rule is so stated that if the language be given an effect broader than that called for by the decisions actually made, it would be conclusive against the power to grant this motion. In *Mills* v. *Bliss,* 55 N. Y. 139, 141, it is said: " The right to file a notice of *lis pendens* which shall be constructive notice to subsequent purchasers * * * is given in all actions affecting the title to real property. Code, § 132. This is an absolute right, not depending on the discretion of the court; and a notice once filed in a proper action, the court can only order cancelled when the action shall be settled, discontinued or abated; * * *." Substantially the same statement is found in a series of cases in each of which, however, the application to discharge the *lis pendens* was based upon a contention that under the complaint there could not be established a cause of action which authorized the filing of a *lis pendens* under section 1670.

On such applications it is established that the court will not go beyond the description of the cause of action as it appears on the face of the pleading in order to determine whether a cause of action has been effectively pleaded or to what extent it may be possible to grant the relief sought by the pleader. *Brainerd* v. *White,* 12 Abb. N. C. 407. In *St. Regis Paper Co.* v. *Santa Clara Lumber Co.,* 62 App. Div. 538, which follows the rule, the opinion states: " The effect of filing a *lis pendens* is to make subsequent grantees and incumbrancers parties to the action (§ 1671), so far as the rights by them acquired in the property are concerned, and, in this sense, it has all the force of an attachment upon property with none of the liabilities

35

attending that remedial assistant. But this considera-
tion is a matter for the Legislature exclusively. The
Legislature has the undoubted power to arbitrarily
impound the subject-matter of the litigation until the
litigation ends, as it does by the provisions of section
1670. It has made no distinction between actions
apparently founded in right and actions wanton and
malicious, nor has it given the courts discretion in the
matter.''

That was said in 1901. In 1904 the legislature
inserted in section 1670 the words '' *if the complaint is
verified.*'' The requirement that the complaint be veri-
fied tended to meet the criticism that no distinction had
been made '' between actions apparently founded in
right and actions wanton and malicious.'' To some
extent that requirement could be considered a check
on the possibility of abusing the permission to file a
*lis pendens.*

To allow a *lis pendens* to stand when the complaint
is not verified would be to defeat the purpose of the
legislature in providing that the complaint must be
verified. The rule referred to above is not applicable
here. And, indeed, in many of the cases where it has
been discussed and applied, it seems to have been
appreciated that it would have no application in a situ-
ation like this. In *Mills* v. *Bliss,* 55 N. Y. 139, 144, the
court says: '' * * * upon the face of the complaint,
the notice of *lis pendens* was *properly* filed.'' In
*Beman* v. *Todd,* 124 N. Y. 114, it is said, at page 116,
that the *lis pendens* '' having been *properly* filed, it
cannot be cancelled except pursuant to section 1674 of
the Code of Civil Procedure,'' that case having been
decided before the amendment of section 1671. In
*Shandley* v. *Levine,* 44 Misc. Rep. 23, 25, the applica-
tion to cancel the *lis pendens* was denied because '' the
theory of the action is plainly such as is contemplated

by section 1670, and the *lis pendens* has been *properly* filed." In *Lindheim & Co.* v. *Central Nat. Realty & Construction Co.*, 111 App. Div. 275, 280, it is said: " whether the complaint be good or bad, the purpose of the action is to have a lien upon real property declared and enforced, and, therefore, the action is brought to recover a judgment affecting the title to, or the possession, use or enjoyment of, real property. Being so, the right to file the *lis pendens* was absolute; not resting in the discretion of the court, but conferred by statute, and having been *properly* filed, it cannot be canceled except pursuant to section 1674 of the Code of Civil Procedure."

I have reluctantly concluded that defendant Ward is entitled to the relief demanded and regret that I cannot concur in plaintiff's assertion that in the exercise of discretion the court may deny the application. Its disposition turns on the interpretation of the pertinent sections of the Code of Civil Procedure and in my opinion the applicant's position is sound. However, if plaintiff desires to appeal there may be presented on the settlement of the order granting the motion an order staying the clerk from discharging the *lis pendens* during the prompt prosecution of the appeal. During the same period, plaintiff, if so advised, may move to amend its complaint.

Ordered accordingly.