ETTA BECK, Plaintiff, *v.* MORRIS WILLIAMS et al.,
Defendants.

(Supreme Court, New York Special Term, July, 1921.)

Mortgages — foreclosure — acceleration clause in mortgage —
notice of an election unnecessary — defective verification of
complaint — ineffective lis pendens — Code Civ. Pro. §§ 1631,
1670.

A thirty days' acceleration clause in a mortgage in regard to
payment of installments of principal and interest is valid and
no notice of an election to take advantage thereof is necessary
unless the contract so provides.

While the service of the summons and complaint in an action to
foreclose the mortgage is sufficient notice of plaintiff's election
to take advantage of the acceleration clause, he will be held to
a strict accountability of his practice if he seeks to hold the
mortgagor to a strict compliance with the terms of the bond
and mortgage.

A complaint which requires amendment as to its verification
is not properly verified, and where a *lis pendens,* owing to im-
proper verification of the complaint in an action to foreclose a
mortgage, is ineffective, the court cannot proceed to judgment
unless an amendment is allowed.

Both the summons and the *lis pendens* in a foreclosure action
brought at the election of the mortgagee to take advantage of
the usual thirty days' acceleration clause, were dated January
4, 1920, which was Sunday. The complaint was verified the
next day, and all of the papers were filed in the County Clerk's
office on January 6, 1921. *Held,* that if the date of the verifica-
tion was correct the complaint must be dismissed; if incorrect,
the complaint had not been properly verified so as to entitle
plaintiff to file a *lis pendens,* and that to allow the summons,
complaint and *lis pendens* to be amended after the trial and
submission of the case would be unfair to defendant.

The court is prohibited from rendering judgment in the ac-
tion unless the requirements of sections 1631 and 1670 of the
Code of Civil Procedure are complied with, and the defendant
having deposited in court more than sufficient to pay the
amount due for principal and interest on a certain date, the
amount due on that date should be paid to plaintiff, defendant
relieved of his default and judgment directed accordingly.

ACTION to foreclose mortgage.

I. M. Silberman, for plaintiff.

B. H. Sandler, for defendants.

DAVIS, J.   This action is brought to foreclose a purchase-money mortgage given June 2, 1919, to secure the payment of $4,500 payable in equal semi-annual installments of $500 or more, each with accrued interest thereon at five per cent per annum, payable December 2, 1919, and semi-annually thereafter.   The mortgage was assigned to plaintiff.   The mortgage contains the usual thirty days' acceleration clause in regard to payment of installments of principal and interest.   The plaintiff claims that the defendant Williams failed to pay the $500 installment of principal, due on December 2, 1920, together with interest of $87.50.   It is conceded the defendant has paid $1,000 on account of the principal debt and also the interest to June 2, 1920.   It is for failure to pay on December 2, 1920, or within thirty days thereafter the sum of $587.50 that plaintiff claims he has elected that the total amount of the mortgage, $3,500, and interest shall be due.   There is a first mortgage of $8,500 on the premises in question.   The evidence shows that the defendant on December 3, 1920, mailed to plaintiff a check for $587.50.   On January 10, 1921, the defendant Williams was served with the summons and complaint in this action.   The plaintiff contends that she never received the check for $587.50.   I find, however, that she did, but the defendant after the commencement of this action and on January 12, 1921, stopped payment of such check.   Defendant's usual way of paying the installments of principal and the interest theretofore was by check sent through the mail.   It appears that plaintiff lived half a block away from defendant's place

6

of business and four blocks from where defendant resided. The defendant, however, was never notified of any intention by plaintiff to take advantage of the acceleration clause in case payment was not made as provided in the bond and mortgage on December 2, 1920, or within thirty days thereafter. The summons and complaint were the first notifications received by defendant that he was deemed to be in default in the payment due on December 2, 1920. On January 12, 1921, the defendant having stopped payment of the check, offered to pay to the plaintiff the accrued installment of principal and interest and costs, but plaintiff refused to accept the offer. Pursuant to permission of the court defendant paid into the office of the city chamberlain $620 as his tender of the amount due December 2, 1920, and costs. It appears that the summons in this action is dated January 4, 1920, which was Sunday; that the complaint is verified January 5, 1920, and that the *lis pendens* is dated January 4, 1920. All these papers were filed in the office of the clerk of New York county on January 6, 1921. The *lis pendens* dated January 4, 1920, states '' that an action has been commenced and is pending in the court '' for the foreclosure of the mortgage in question. The action which is stated to have been commenced and pending is the present action. Of course, this statement was not true. The acceleration clause is valid. It arises out of the contract of the parties. The exercise of the right of acceleration often carries hardship to the mortgagor. However, usually no relief can be granted unless the mortgagee or his representative has acted unfairly toward the mortgagor. *Trowbridge* v. *Malex Realty Corp.*, 111 Misc. Rep. 211. No notice of an election to take advantage of the acceleration clause is necessary unless provided by contract. The

commencement of the foreclosure action by the service of the summons and complaint is sufficient notice of such election. This being so, the plaintiff should be held to a strict accountability of his practice, if he seeks to hold the mortgagor to a strict compliance with the terms of the bond and mortgage. Section 1670 of the Code of Civil Procedure prescribes that a verified complaint must be filed in order to render the *lis pendens* effective. Section 1631 of the Code of Civil Procedure prescribes that in foreclosure actions the *lis pendens* must be filed at least twenty days before the judgment is rendered. In this case the record on file shows the complaint was verified about one year before the cause of action accrued. If this date of verification is correct, the complaint must be dismissed. If the date is incorrect, the complaint has not been properly verified so as to entitle the plaintiff to file a *lis pendens*. A verified complaint means a properly verified complaint. *Bowery Sav. Bank* v. *Ward,* 109 Misc. Rep. 540. A complaint which requires amendment as to its verification is not properly verified. The Code sections regulating the practice in these matters are of little use, if such careless practice is to be ignored in cases of this character, especially when the only notice of an election to take advantage of the acceleration clause is given by the complaint when served. The prerequisite to a judgment in this case is lacking, to wit, a properly verified complaint filed and a properly filed *lis pendens.* " In actions for the foreclosure of mortgages the filing of the notice (*lis pendens*) is an indispensable prerequisite to the obtaining of a judgment. The language of the statute in this instance, unlike that employed in regard to the filing of the notice in other actions relating to real property, is imperative and not permissive." Wait's Pr. (2d ed.) § 621; Wiltse

Mort. Forec. (3d ed.) § 378. Moreover, the Code of Civil Procedure (§ 418) makes express provision as to the form of the summons, in which is included a date. To allow the summons, complaint and *lis pendens* to be now amended would be unfair to the defendant. The case was presumably ready for trial when tried and submitted. The *lis pendens,* owing to the complaint being improperly verified, is ineffective, and the court cannot proceed to judgment unless an amendment is allowed. When it is stated that the commencement of the action is a sufficient notice of an election to take advantage of the acceleration clause, it means an action in which plaintiff can proceed to judgment without amendments such as would be necessary to be made in this case in order to enable the court to render a judgment of foreclosure. Though the parties may waive these defects, the court is prohibited from rendering judgment unless the requirements of section 1670 and section 1631 of the Code of Civil Procedure are complied with. The defendant has deposited in court more than sufficient to pay the amounts due December 2, 1920. For these reasons so much of the amount deposited as is necessary to pay the amount due on December 2, 1920, should be paid to plaintiff and the defendant be relieved of his default. Judgment in accordance herewith; no costs. Submit decision and judgment as above provided on or before June 29, 1921, at ten-thirty A. M.

Judgment accordingly.