JOHN D. CRIMMINS, Plaintiff, *v.* GUY M. POLHEMUS, Defendant.

Municipal Court of the City of Syracuse, March 24, 1947.

*Costello, Cooney & Fearon* for defendant.

*John J. Mahon* for plaintiff.

SKERRITT, J.   This is a motion by defendant to compel the plaintiff, who filed a properly verified complaint in this conversion action, but served a copy with defective verification, to accept an unverified answer.   The defective verification was in the usual form, dated and signed by a notary public, but omitted the plaintiff's signature.   The defendant, treating the complaint as unverified, served an unverified answer which was returned.

It appears that the plaintiff, who is a lawyer, had no knowledge or notice of the defective verification until he received the notice of this motion.   Within a few days thereafter, and before the motion was argued or submitted, he served a new copy of the complaint with proper verification.   Plaintiff argues that since he filed a properly verified complaint with the court, and served a copy that purported to be verified, he was entitled to notice of the defective verification, and an opportunity to serve a correct copy of the complaint, before defendant could take advantage of the obvious mistake by serving an unverified answer.

Defendant takes the position that he was not required to give such notice, but could simply treat the complaint as unverified and serve an unverified answer, under section 253 of the Civil Practice Act, which provides: " The remedy for a defective verification of a pleading is to treat the same as an unverified pleading.   Where the copy of a pleading is served without a copy

of a sufficient verification, in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice, with due diligence, to the attorney of the adverse party, that he elects so to do ".

In the case of *Moran* v. *Helf* (52 App. Div. 481) the court held, in applying this section 253, formerly section 528 of the Code of Civil Procedure, in reference to a complaint with defective verification (p. 482): " It was, therefore, defective, and the defendant was authorized to treat it as an unverified pleading * * *, and, therefore, had a right to serve an unverified answer, and plaintiff was bound to accept it." This decision, which has never been reversed or modified, was followed in *Morris* v. *Fowler* (99 App. Div. 245), where it was held that serving a defectively verified complaint gave defendant the right to serve an unverified answer, and to compel the plaintiff to accept it. (See, also, *Phonoharp Co.* v. *Stobbe*, 20 Misc. 698, holding that defendant's election to serve an unverified answer under such circumstances is " perfectly proper and regular.")

I have found no decision which makes any reference to plaintiff's contention that he was entitled to notice, and an opportunity to serve a new copy of the complaint. That has never been the practice in this State, and section 253 of the Civil Practice Act does not require it.

The " notice " mentioned in section 253 refers only to " a case where the adverse party is entitled to a verified pleading ". In the instant case " the adverse party " would be the plaintiff, if he had served a properly verified complaint. He would then be entitled to a verified answer; and if he received one with defective verification he could treat such answer " as a nullity ", and could apply for a default judgment against defendant, provided he gave " notice, with due diligence," to defendant's attorney. This practice is not affected by the fact that plaintiff filed with the court a properly verified complaint, nor by the subsequent service of a new copy thereof. (3 Carmody on New York Pleading and Practice, § 942, pp. 1833–1834; 3 Wait on New York Practice [4th ed.], p. 40; *Belgin* v. *People's Trust Co.*, 48 Misc. 494; *Treen Motors Corporation, Inc.*, v. *Van Pelt*, 106 Misc. 357.)

Defendant's motion for an order requiring plaintiff to accept the unverified answer served on or about December 16, 1946, is granted, with $5 costs.