■ In the Matter of GEORGE P. SCARINGE, Respondent, v RAYMOND J. KINLEY, JR., et al., Constituting the Albany County Board of Elections, Respondents, and DAVID J. ROOD, Appellant.—Per Curiam. Appeal from an order of the Supreme Court (Bradley, J.), entered October 19, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the nomination of respondent David J. Rood as the Democratic Party candidate for the office of Receiver of Taxes of the Town of Guilderland in the November 7, 1989 general election.

Petitioner brought this proceeding pursuant to Election Law § 16-102 to invalidate the nomination of respondent David J. Rood as the Democratic Party candidate for the office of Receiver of Taxes of the Town of Guilderland in the November 7, 1989 general election upon the ground that Rood, not an enrolled Democrat at the time of his designation, was required to and did not file a certificate of acceptance of the party nomination in accordance with Election Law § 6-146. Supreme Court granted the petition and Rood appeals, contending only that the improper verification of the petition deprived Supreme Court of jurisdiction over him.

We affirm. Initially, Rood claims that the petition was

defectively verified since it was sworn to on September 27, 1989 before a notary public whose commission had expired on August 31, 1989. However, uncontroverted documentary evidence in the record establishes that the notary's commission had been extended to August 31, 1991. Rood's remaining contention is that Supreme Court lacked jurisdiction over the proceeding due to petitioner's failure to serve a duplicate original petition, bearing a fully executed verification, replete with the signatures of petitioner and the notary public. Generally, the petitioner will retain the original executed ribbon copy of the verified petition for filing with the court and serve conformed copies upon the respondents. This practice, employed here, is entirely proper (see, *Matter of Lamb v Meisser,* 19 AD2d 782, *affd* 13 NY2d 874; *see also,* CPLR 2101 [e]; 3 Carmody-Wait 2d, NY Prac § 20:5, at 502; *cf., Crimmins v Polhemus,* 189 Misc 183; *but see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3022:3, at 398).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.